IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FREDDIE JOE COVEY )<br>)<br>Defendant. )<br>_____ ) | Case No.  1:05-cv-00487-EJL<br><br>**ORDER OF DEFAULT**<br>**JUDGMENT, WITH FINDINGS OF**<br>**FACT AND CONCLUSIONS OF**<br>**LAW** |

Before the Court in this matter is the motion of the United States for entry of default judgment against the Defendant, Freddie Joe Covey.  The motion also seeks a declaration regarding the validity of certain UCC filings and an injunction preventing the Defendant from future filings of similar documents with the Internal Revenue Service ("IRS").

**Findings of Fact**

The Court has reviewed the motion and record here in, upon which the Court enters the following findings of fact:

1.      On November 29, 2005, the United States filed its complaint.  (Dkt. No. 1).  The Complaint seeks to nullify and enjoin the false lien filings the Defendant made against several IRS employees.

2.      On February 1, 2006, the United States served a copy of a summons, complaint and civil cover sheet on the Defendant by hand delivery to the wife of the Defendant, Helen Covey, at 519 West Colorado Avenue, Nampa, Idaho.  (Dkt. No. 4).  Ms. Covey indicated that the Defendant lived at that address and accepted service.  The Defendant's answer or other response under Rule

12 of the Federal Rules of Civil Procedure was due on February 21, 2006.

      3.      In response to the complaint the Defendant filed a series of documents which were non-responsive to the complaint. (Dkt. Nos. 5-11, 13, 14). The Defendant's filings reflect his record of filing documents such as "Acceptance of Oath of Office Contract and Waiver of Tort" against various individuals in the records for Canyon County, Idaho and similar filings against the Clerk of the Court and Chief Magistrate Judge Mikel H. Williams. These filings, both with this Court and in Canyon County, Idaho, were non-responsive to the allegations contained in the Complaint.

      4.      On March 30, 2007, the Court granted the United States' motion for an entry of default against the Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. No. 18). In that order the Chief Magistrate Judge determined that the Defendant's filings indicate that he has "appeared" in this case but that he has failed to plead or otherwise defend in response to the complaint. In addition, the Chief Magistrate Judge addressed the Defendant's "motion to clarify" and deemed the request moot. Accordingly, on April 2, 2007, the Clerk entered a default against Defendant Covey. (Dkt. No. 19). The order also stated that "If Defendant Covey complies with the Rules by filing a challenge to service, venue, sufficiency of pleadings, a Rule 12 or 56 motion, or an answer, then the Court will consider lifting the Clerk's entry of default." (Dkt. No. 18). This order was served upon the Defendant via mail at his home address on March 30, 2007.

      5.      The Defendant has made no filings since the Clerk's Entry of Default. The United States filed its motion and supporting memorandum and declarations for entry of Default Judgment on August 24, 2007. (Dkt. Nos. 20-24).

**Conclusions of Law**

Based on the above findings the Court enters the following conclusions of law:

I.  Default Judgment:

This Court has jurisdiction under 28 U.S.C. § 1345 and 26 U.S.C. § 7402(a). District courts have discretion whether to enter default judgment. Lau Ah Yew v. Dulles, 236 F.2d 415 (9th Cir. 1956). In exercising this discretion, courts have identified seven factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a default is entered, the well-pleaded allegations in the complaint are taken as true. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). The Plaintiff, however, must establish the relief to which it is entitled. Id.

Section 7402(a) of the Internal Revenue Code (Title 26 of the United States Code) specifically grants district courts jurisdiction "to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws ." 26 U.S.C. § 7402(a); see Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985). This statute clearly confers broad powers on federal district courts to compel compliance with the internal revenue laws. Id.

Under the broad language of Section 7402(a), federal district courts are empowered to void bogus liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes and to enjoin such filings. See Ryan, 764 F.2d at 1327; United States v. Van Dyke,

568 F. Supp. 820, 822-23 (D. Or. 1983) (enjoining tax protesters from filing common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Based on the foregoing and the following, the Court concludes that the United States has established the merits of its claims.  See PepsiCo, Inc. v. California Sec. Cans, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).  The Court has reviewed the motion and supporting documentation and finds the requirements of Federal Rule of Civil Procedure 55(b) have been satisfied.  There is no legitimate basis in fact or law for Defendant's filings.  As such, the Court finds the motion for entry of default is well taken and will be granted.

II.     Declaratory Relief:

As to the request for declaratory relief, the Court has reviewed the United States' complaint and the record herein and finds the record is clear that the UCC Financing Statements filed by the Defendant and liens presumably created are non-consensual, non-judicial, and non-statutory and should be declared null and void under § 7402(a).  See Ryan, 764 F.2d at 1327.  In particular, the Court has considered the Financial Statements filed by the Defendant on March 4, 2005 with the Secretary of State of the State of Idaho:

| Filing Number | Purported Secured Creditor | Purported Debtors |
| --- | --- | --- |
| B 2005-0981098-6 | Freddie Joe Covey | Cindy L. Mason, Dennis Parizek, Robert L. Higgins and Howard Steward |
| B 2005-0981096-8 | Freddie Joe Covey | John W. Snow. |

These two financing statements contain representations that the purported collateral covered by the financing statements includes all personal and real property of the purported debtors.  They contain representations that the debtors have "consented" to the filings.

4

The financing statement identified above as "B 2005-0981098-6" (Exhibit A) states:

The Debtors hav[e] consented to this filing in the International Commercial Claim Within the Admiralty Administrative Remedy Judgment by Estoppel Agreement/Contract File # FJCIR2004S4205, Registered # RR 193 357 356 US perfected on the 22 day of February 2005 AD, in the Accounting and True Bill in the amount of $166,676,468.00. All personal and real property; bank accounts, foreign and domestic; private exemptions; government risk management accounts; insurance policies; stocks and bonds; asset accounts; investments and future earnings of the Debtor, is now property of the Secured Party.

The financing statement identified above as "B 2005-0981096-8" states:

The Debtors have consented to this filing in the International Commercial Claim Within the Admiralty Administrative Remedy Judgment by Estoppel Agreement/Contract File # FJCIR2004S4205SNOW, Registered # RR 193 432 560 US perfected on the 22 day of February 2005 AD, in the Accounting and True Bill in the amount of $177,636,572.04. All personal and real property; bank accounts, foreign and domestic; private exemptions; government risk management accounts; insurance policies; stocks and bonds; asset accounts; investments and future earnings of the Debtor, is now property of the Secured Party.

The representations in the two above-referenced financing statements are patently false, as set forth in the well-pleaded Complaint filed by the United States and as is evident from review of the concurrently-filed Declarations of IRS Revenue Officers Robert L. Higgins and Cindy L. Mason. Aside from their duties in connection with conducting a tax investigation, neither Revenue Officer Higgins nor Revenue Officer Mason had any dealings with the Defendant. (Higgins Decl. ¶ 2); (Mason Decl. ¶ 2). Moreover, neither Revenue Officer Higgins nor Revenue Officer Mason entered into any type of obligation with the Defendant. (Higgins Decl. ¶ 4); (Mason Decl. ¶ 4). None of the government employees (or former government employees) named in the financing statements: John Snow, Cindy Mason, Dennis Parizek, or Robert Higgins, are indebted to the Defendant, nor have they consented to the filing of these statements. Accordingly, the Court grants the United States' request for declaratory judgment and deems the porported financial statements to be null and void.

III.     Injunction:

The United States further asks that an injunction be entered in this case. Section 7402(a) empowers federal district courts to not only nullify false UCC financing statements, but also to enjoin future filings that purport to create or evidence non-consensual liens or encumbrances. See Ryan, 764 F.2d at 1327 (noting, with approval, the District Court's action in Van Dyke, 568 F. Supp. 820 enjoining filing of frivolous liens against IRS employees). A plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. eBay Inc. v. MercExchange, L.L.C., 126 S.Ct. 1837, 1839 (2006) (citations omitted).

Here, Financing Statements "B 2005-0981098-6" and "B 2005-0981096-8" (as reflected in Exhibits 1 and 2 to the Weaver Declaration filed with the United States' motion for default judgment) are false, serving no purpose other than to harass IRS employees and deter them from enforcing the tax laws. As previously determined, these Financing Statements "B 2005-0981098-6" and "B 2005-0981096-8" serve no legitimate purpose and are hereby declared null, void and of no legal effect. Courts have viewed the filing of such documents that purport to evidence liens against IRS employees as "threaten[ing] substantial interference with the administration and enforcement of the internal revenue laws." United States v. Hart, 545 F. Supp. 470, 473 (D.N.D. 1982) (Ex. 6F). Thus, in addition to declaring such liens void, courts have used Section 7402(a) to enjoin taxpayers from filing further frivolous liens against IRS employees. See Ryan, 764 F.2d at 1327 (noting, with approval, the District Court's action in Van Dyke, 568 F. Supp. 820 enjoining filing of frivolous

liens against IRS employees).

Based on the foregoing and the record herein, the Court finds that absent an injunction prohibiting Defendant from making future filings, the United States will suffer the ongoing threat of harm. Defendant could again and will likely interrupt and hinder employees of the IRS in discharging their official duties to collect federal taxes. See United States v. MacElvain, 858 F. Supp. 1096,1100 (M.D. Ala. 1994) ("The filing of such frivolous documents imposes irreparable harm on the individuals and entities which are the victims of the liens."). In contrast, Defendant will not be injured by an injunction which provides that he cannot record similar non-consensual liens or encumbrances in the future. The balance of harm weighs in favor of granting Plaintiff's requested relief. Moreover, the public has an interest in the integrity of public records, in the fair administration of the federal tax laws, and the prevention of abuse and harassment of government employees. See Van Dyke, 568 F.Supp. At 822. These interests are advance by enjoining the Defendant from future false filings. In addition, Defendant has engaged in retaliatory harassment as evidenced during the pendency of this case through the filing of bogus documents with the Court.

After review of the record, the Court concludes that the Defendant's actions detract from the performance of IRS employees and that impede collection of the revenue by the United States. In order to prevent future hardship, the Defendant, and those acting in concert with him, should be enjoined from filing or recording any documents that purport to create security interests or liens in the property of federal employees or that otherwise cloud title to their properties or endanger their credit ratings, unless Defendant has entered into a legitimate personal transaction with a federal employee who consents to such a filing.

**ORDER**

THEREFORE IT IS HEREBY ORDERED, that the Motion for Entry of Default Judgment (Dkt. No. 20) is **GRANTED**.

IT IS FURTHER ORDERED, that Freddie Joe Covey, his agents, employees, and all others in active concert or participation with the Defendant, are hereby and permanently enjoined from filing, or attempting to file, any document or instrument which purports to create or reflect any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States.

IT IS FURTHER ORDERED, that the United States of America be awarded its costs and reasonable attorneys' fees incurred in this action, and any costs associated with preparation of briefs or other filings submitted in this action.



DATED:  **October 9, 2007**

~~Honora~~ble Edward J. Lodge
U. S. District Judge